MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JAVIER ZENTENO, *individually and on behalf*
*of others similarly situated,*

                    *Plaintiff,*

           -against-

CONNBRO TAVERN CORP. (D/B/A
CONNOLLY'S CORNER), MATTHEW
JOSEPH CONNOLLY, and PATRICK M.
CONNOLLY

                   *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Javier Zenteno ("Plaintiff Zenteno" or "Mr. Zenteno"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against Defendants Connbro Tavern Corp. (d/b/a Connolly's Corner) ("Defendant Corporation"), Matthew Joseph Connolly, and Patrick M. Connolly (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

      1.     Plaintiff Zenteno is a former employee of Defendants Connbro Tavern Corp. (d/b/a Connolly's Corner), Matthew Joseph Connolly, and Patrick M. Connolly.

      2.     Connolly's Corner is a bar/restaurant owned by Matthew Joseph Connolly and Patrick M. Connolly located at 71-15 Grand Ave, Maspeth, NY 11378.

3.      Upon information and belief, Defendants Matthew Joseph Connolly and Patrick M. Connolly serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate or operated the restaurant as a joint of unified enterprise.

4.      Plaintiff Zenteno is a former employee of Defendants.

5.      Plaintiff Zenteno was ostensibly employed as a busboy throughout his employment, and as both a busboy and food runner from approximately April 2017 until on or about September 7, 2017.

6.      Plaintiff Zenteno regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Zenteno appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Zenteno the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      At all times relevant to this complaint, Defendants paid Plaintiff Zenteno at a rate that was lower than the required tip-credit rate.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Zenteno's actual duties in payroll records to avoid paying Plaintiff Zenteno at the minimum wage rate, and to enable them to pay Plaintiff Zenteno at the lower tip-credited rate

(which they still failed to do) by designating him as a tipped worker, instead of a non-tipped employee.

11.     Defendants' conduct extended beyond Plaintiff Zenteno to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zenteno and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiff Zenteno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

14.     Plaintiff Zenteno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Zenteno's state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Zenteno was employed by Defendants in this district.

## **PARTIES**

*Plaintiff Javier Zenteno*

17.     Plaintiff Zenteno is an adult individual residing in Queens County, New York.

18.     Plaintiff Zenteno was employed by Defendants from approximately April 2015 until on or about September 7, 2017.

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Zenteno consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     At all times relevant to this Complaint, Defendants own, operate, and/or control a bar/restaurant located at 71-15 Grand Ave, Maspeth, NY 11378 under the name "Connolly's Corner."

21.     Upon information and belief, Connolly's Corner Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon

4

information and belief, it maintains its principal place of business at 71-15 Grand Ave, Maspeth, NY 11378.

22.     Defendant Matthew Joseph Connolly is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Matthew Joseph Connolly is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

23.     Defendant Matthew Joseph Connolly possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

24.     Defendant Matthew Joseph Connolly determined the wages and compensation of the employees of Defendants, including Plaintiff Zenteno, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

25.     Defendant Patrick M. Connolly is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Patrick M. Connolly is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant Patrick M. Connolly possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

27.     Defendant Patrick M. Connolly determined the wages and compensation of the employees of Defendants, including Plaintiff Zenteno, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a bar/restaurant located at 71-15 Grand Ave, Maspeth, NY 11378.

29.      Individual Defendants Matthew Joseph Connolly and Patrick M. Connolly possess operational control over defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Zenteno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Zenteno, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Zenteno, and all similarly situated individuals, and are Plaintiff Zenteno's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Zenteno and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Matthew Joseph Connolly and Patrick M. Connolly operate Defendant Corporation as either an alter ego of themselves,

and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

      (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

      (b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

      (c)     transferring assets and debts freely as between all Defendants;

      (d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

      (e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

      (f)     intermingling assets and debts of their own with Defendant Corporation;

      (g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

      (h)     other actions evincing a failure to adhere to the corporate form

35.     At all relevant times, Defendants were Plaintiff Zenteno's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Zenteno, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Zenteno's services.

7

37.     In each year from 2015 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the bar/restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Zenteno is a former employee of Defendants ostensibly employed as a busboy and, at all relevant times, as a food runner.

40.     Plaintiff Zenteno seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Javier Zenteno*

41.     Plaintiff Zenteno was employed by Defendants from approximately April 2015 until on or about September 7, 2017.

42.     Plaintiff Zenteno was ostensibly employed by Defendants as a busboy, and from approximately April 2017 until on or about September 2017, as a busboy and food runner.

43.     Plaintiff Zenteno regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

44.      Plaintiff Zenteno's work duties required neither discretion nor independent judgment.

45.     Plaintiff Zenteno regularly worked in excess of 40 hours per week.

8

46.     From approximately April 2015 until on or about March 2017, Plaintiff Zenteno worked from approximately 4:00 p.m. until on or about 10:00 p.m. three days a week, and from approximately 11:00 a.m. until on or about 10:00 p.m. to 12:00 a.m. Saturdays and Sundays (typically 40 to 44 hours per week).

47.     From approximately March 2017 until on or about September 7, 2017, Plaintiff Zenteno worked from approximately 4:00 p.m. until on or about 10:00 p.m. two days a week, and from approximately 11:00 a.m. until on or about 10:00 p.m. to 12:00 a.m. two days a week (typically 34 to 38 hours per week).

48.     Throughout his employment, Defendants paid Plaintiff Zenteno his wages in cash.

49.     From approximately April 2015 until on or about April 2017, Defendants paid Plaintiff Zenteno a fixed salary of $25 per shift.

50.     From approximately April 2017 until on or about September 7, 2017, Defendants paid Plaintiff Zenteno a fixed salary of $25 per shift. Although, during this period of time, Defendants promised Plaintiff Zenteno an additional $25 per shift for the additional duties of food runner, they rarely ever paid it.

51.      Prior to March 2017, Plaintiff Zenteno's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

52.     In fact, Defendants required Plaintiff Zenteno to continue working 30 minutes to one hour past his regular departure time on several occasions in order to wait for large parties to finish, and did not pay him for the additional time worked.

53.     Defendants never granted Plaintiff Zenteno any breaks or meal period of any kind.

54.     Plaintiff Zenteno was never notified by Defendants that his tips would be included as an offset for wages.

55.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Zenteno's wages.

56.     Defendants withheld a portion of Plaintiff Zenteno's tips; specifically, Defendants pocketed a portion of all tips Plaintiff Zenteno earned when he worked as a busboy or food runner at parties.

57.     Plaintiff Zenteno was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

58.     Defendants did not provide Plaintiff Zenteno with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59.     Defendants never provided Plaintiff Zenteno with a written notice, in English and in Spanish (Plaintiff Zenteno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zenteno regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

61.     Defendants regularly required Plaintiff Zenteno to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay, and overtime compensation.

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zenteno (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

63.     Defendants' pay practices resulted in Plaintiff Centeno not receiving payment for all his hours worked, resulting in Plaintiff Centeno's effective rate of pay falling below the required minimum wage rate.

64.     At no time did Defendants inform their employees, including Plaintiff Zenteno, that they had reduced their hourly wages by a tip allowance.

65.     Defendants failed to inform Plaintiff Zenteno that his tips would be credited towards the payment of the minimum wage.

66.     Defendants failed to maintain a record of tips earned by Plaintiff Zenteno for his services rendered.

67.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Zenteno by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Zenteno of a portion of the tips earned during the course of employment.

68.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Zenteno, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

69.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Zenteno as a tipped employee but did not even pay him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

71.     Plaintiff Zenteno was paid his wages entirely in cash.

72.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timeheets and payroll records.

73.     Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Zenteno, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

74.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Zenteno, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Zenteno's, relative lack of sophistication in wage and hour laws.

75.     Defendants failed to provide Plaintiff Zenteno and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Zenteno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.     Plaintiff Zenteno brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

13

78.     At all relevant times, Plaintiff Zenteno, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

79.     The claims of Plaintiff Zenteno stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

80.     Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Zenteno's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Zenteno (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

14

84.     Defendants failed to pay Plaintiff Zenteno (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Zenteno (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Zenteno (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

87.     Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Zenteno's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Zenteno (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Zenteno (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

15

92.     Defendants' failure to pay Plaintiff Zenteno (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.      Plaintiff Zenteno (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

94.     Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Zenteno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Zenteno (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Zenteno (and the FLSA Class members) less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Zenteno (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Zenteno (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

16

99.     Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Zenteno overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101.    Defendants' failure to pay Plaintiff Zenteno overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Zenteno was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

103.    Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff Zenteno one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Zenteno's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

105.    Defendants' failure to pay Plaintiff Zenteno an additional hour's pay for each day Plaintiff Zenteno's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Zenteno was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

107.    Plaintiff Zenteno repeats and re-alleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Zenteno with a written notice, in English and in Spanish (Plaintiff Zenteno's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

109.    Defendants are liable to Plaintiff Zenteno in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

110.    Plaintiff Zenteno repeats and re-alleges all paragraphs above as though set forth fully herein.

111.    Defendants did not provide Plaintiff Zenteno with a statement of wages with each payment of wages, as required by NYLL 195(3).

112.    Defendants are liable to Plaintiff Zenteno in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(VIOLATION OF THE TIP WITHHOLDING PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

113.    Plaintiff Zenteno repeats and re-alleges all paragraphs above as though set forth fully herein.

114.    Defendants unlawfully and without permission from Plaintiff Zenteno

18

misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Zenteno.

115.    Defendants' action violated NYLL §196-d.

116.    Defendants are liable to Plaintiff Zenteno in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zenteno respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Zenteno and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Zenteno and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Zenteno's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Zenteno and the FLSA class members;

(f)     Awarding Plaintiff Zenteno and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Zenteno and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zenteno  and the FLSA Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zenteno and the FLSA Class members;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Zenteno and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Zenteno's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Zenteno and the FLSA Class members;

(m)     Awarding Plaintiff Zenteno and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken

against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Zenteno  and the FLSA class members liquidated damages in

an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of

hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Zenteno damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Zenteno and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(q)      Awarding Plaintiff Zenteno and the FLSA class members the expenses incurred

in this action, including costs and attorney's fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Zenteno demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      September 15, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____ \_\_\_\_

By:    Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 7, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Javier Zenteno

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           07 de septiembre de 2017

*Certified as a minority-owned business in the State of New York*