# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

February 23, 2018

**VIA ECF**
Hon. Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Zenteno v. Connbro Tavern Corp., et al.
                  17-cv-5423-BMC-LB

Your Honor:

       This office represents Plaintiff Javier Zenteno ("Plaintiff") in the above-referenced matter. We write, together with Defendants' counsel, to respectfully request that the Court approve the parties' settlement agreement.

       The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions before a mediator. The executed Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice, with leave to re-open the case for thirty-one ("31") days in the event that the settlement is not consummated.

       The parties represent to the Court that while Plaintiff believes that although the settlement amount is less than what the Plaintiff would be entitled to if he prevailed at trial, the settlement is fair, as discussed herein. The proposed agreement is attached hereto as Exhibit A.

**Background**

       This is an action for money damages brought by Plaintiff Javier Zenteno. He alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Specifically, Plaintiff was employed by Defendants as a food service worker at Defendants' business doing business under the name "Connolly's Corner." Plaintiff alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay spread of hours pay pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 146-1.6 (herein the Spread of Hours Wage Order), and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

       Defendants deny all allegations. Defendants dispute Plaintiff's allegations regarding his hours worked and pay received. Defendants also possess employment records for Plaintiff which,

if credited by the Court, would drastically reduce or eliminate Plaintiff's entitlement to damages in this action.

Taking these factors into account, Plaintiff has decided to settle for an amount less than he believes he would be entitled to at trial.

**Settlement**

The parties have agreed to settle this action for the total sum of $25,000.00 which will be paid in a single installment, as outlined in Exhibit A.

Sixteen Thousand Seven Hundred and Fifty Dollars ($16,750.00) of the settlement amount will be paid to the Plaintiff. The remaining 33%, Eight Thousand Two Hundred and Fifty Dollars ($8,250.00) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiff. The proposed settlement represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' position. Plaintiff's best scenario calculation was that he was owed approximately $28,300.75 in overtime wages, exclusive of liquidated damages, and fees. *See* Exhibit B. However, Plaintiff was willing to accept a lower amount in settlement due to the concerns described above, as well as the delay involved in obtaining and enforcing a judgment. If Defendants were able to prevail on their defenses, Plaintiff would recover even less.

Plaintiff has been represented by counsel throughout this lawsuit, and this settlement agreement is the product of arms-length bargaining between experienced counsels. The agreed-upon settlement accounts for a majority of the unpaid minimum and overtime wages that he could have recovered had he been successful at trial.

**Plaintiff's Attorney's Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $8,250.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, which has

been found to be a reasonable contingency fee in this Circuit.  *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Shawn Clark is a Senior Associate at Michael Faillace & Associates. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration

    Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.  Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He has been selected each year as a Super Lawyers Rising Star since 2015.

Page 4 of 4

The lodestar amount for Plaintiff's attorneys' fees is $9,137.50, exclusive of the $600 in costs and expenses. A copy of Plaintiff's attorneys billing records is annexed hereto as Exhibit C.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of our client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

          Respectfully Submitted,

          /s/ Shawn Clark
          Shawn Clark, Esq.
          Michael Faillace & Associates, P.C.
          *Attorneys for Plaintiff*

cc:    Ruth B. Kraft, Esq. (via ECF)
       *Attorney for Defendants*