UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAVIER ZENTENO, individually and on behalf of
others similarly situated,

                              Plaintiff,                              **ORDER**
               - against -                               **17 CV 5423 (LB)**

CONNBRO TAVERN CORP, doing business as
Connolly's Corner, MATTHEW JOSEPH
CONNOLLY,

                              Defendants.

-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      On September 15, 2017, plaintiff filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay minimum wage and overtime compensation, among other claims. (ECF No. 1.) The Court referred the matter to the Eastern District of New York's FLSA Mediation Program. (Docket Entry, dated Oct. 27, 2017.) The parties were able to reach a settlement through mediation. (Docket Entry, dated Dec. 28, 2017.) The parties now move for Court approval of their settlement agreement.[1] (Motion for Settlement Approval, "Mot. Settl." ECF No. 13; Settlement Agreement, "Settle Agree." ECF No. 13-1). For the reasons set forth herein, the settlement agreement is approved as fair and reasonable.

      "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). (ECF No. 15.)

parties have agreed that defendants shall pay plaintiff a total settlement amount of $25,000, to be paid in a single installment within thirty days of approval of this agreement by the Court, of which one third shall be considered payable to plaintiff's counsel as attorneys' fees and costs. See Settle Agree. at 1-2. This is a fair and reasonable settlement. The agreement does not include a general release, nor does it contain a confidentiality clause or a non-disparagement clause. See Settle Agree. Upon review of the circumstances of the case, the work required to resolve this matter, and the fact that attorneys' fees are 1/3 of the total settlement amount, the Court finds that plaintiff's request for attorneys' fees and costs is reasonable. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Accordingly, the Court approves the settlement agreement. The parties shall file a stipulation discontinuing the case by March 21, 2018.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 9, 2018
Brooklyn, New York